FILED 8/14/2003 4:31:47 PM, USDC, Southern District of Iowa

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF IOWA**
**CENTRAL DIVISION**

| | | |
|---|---|---|
| **JERRY FISCHER and FISHNET, INC.** | ) | |
| | ) | **Case No. __________________** |
| **Plaintiff,** | ) | |
| | ) | **COMPLAINT** |
| **v.** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **PRIMUS TELECOMMUNICATIONS, INC.,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

Jerry Fischer and Fishnet, Inc., Plaintiffs, for complaint against Primus Telecommunications, Inc. (hereinafter Primus), Defendant, state:

**PARTIES**

1. Plaintiff Jerry Fischer is an individual citizen of Iowa residing in Fairfield, Jefferson County, Iowa. Plaintiff Fishnet, Inc. ("Fishnet") is also a citizen of Iowa being an Iowa corporation with its principal place of business in Fairfield, Iowa

2. Primus is a citizen of Virginia. Primus is a Delaware corporation having its principal place of business in McLean, Virginia.

**JURISDICTION AND VENUE**

3. Plaintiffs have various contractual relationships with Primus in conjunction with the sale of telecommunication services to the public by third-party marketers.

4. Primus has now breached at least one of these contracts by failing to pay the contractual commissions owed. Primus has also defrauded Plaintiffs, has tortiously interfered

with Plaintiffs' prospective business relationship with the customers obtained for Primus through Plaintiffs' efforts and interfered with Plaintiffs' partnership agreement with Lowermybills.com, Inc., who is referring customers to Primus as a result of Plaintiffs efforts and/or actions.

5. The damages from Defendant's breach of the contract at issue, and from the torts exceed $75,000, exclusive of costs and interest.

6. Pursuant to 28 U.S.C., §1332, the Court has jurisdiction over this controversy based upon diversity of citizenship.

7. Venue in this district is premised on 28 U.S.C. Section §1391(a)(2)&(3).

**NATURE OF THE CASE**

8. On or about July, 1999, Jerry Fischer began performing services from Fairfield, Iowa, as a commissioned sales representative for Primus. Jerry Fischer was paid commissions based on customers he introduced to Primus.

9. As a separate and additional means to increase the telecommunication business opportunities to Primus, Jerry Fischer, directly and through Fishnet solicited and introduced various third party marketers or "partner companies" to Primus. These arrangements involved Fischer and Fishnet forming "partnership" alliances with third-party telecommunication marketers whereby these third-parties would promote Primus' telecommunications services in exchange for fees or commissions. Jerry Fischer introduced these companies to Primus and, with the full knowledge and authorization of Primus, negotiated the initial contractual arrangements with these third parties on behalf of Primus.

10. In separate contracts between Plaintiffs and Primus (hereinafter "partner contracts") relating to each of the partner companies brought to Primus by Jerry Fischer,

Plaintiffs were to receive an overriding commission and other benefits on the business obtained for Primus through the efforts of the partner companies.

11. Through his efforts, Jerry Fischer obtained partner companies which generated nearly $1 million per month in telecommunications revenues for Primus.

12. The most lucrative partner company obtained by Jerry Fischer for Primus was Lowermybills.com, Inc. (hereinafter "Lower My Bills").

13. For his efforts, and pursuant to the partner contracts with Primus, Plaintiffs received monthly commissions from Primus. By March of 2003, this monthly commission averaged approximately $20,000.

14. In May, 2003, Primus unilaterally, and without consent, reduced Plaintiffs' commissions on the revenues generated by Primus through Lower My Bills.

15. In the Spring of 2003, Primus notified Jerry Fischer of its unilateral intention to further reduce commissions beginning in June, 2003, with the stated intention to fully terminate all commissions paid to Plaintiffs under the Lower My Bills partner contract at the end of the calendar year.

16. The actions by Primus have breached and continue to breach the Lower My Bills partner contract between Plaintiffs and Primus.

17. Plaintiffs commence this action to recover commissions owing under the Lower My Bills partner contract that have not been paid. Plaintiffs seek a declaration from the Court that Primus is obligated to pay future commissions to Plaintiffs at the agreed upon rates, and to otherwise comply with the terms of the Lower My Bills partner contract existing between Plaintiffs and Primus for so long as Primus receives revenues from the customers referred to

Primus through the activities of Lower My Bills. Plaintiffs also seek damages for fraud and tortious interference with prospective business arrangements with Lower My Bills customers.

**COUNT ONE - BREACH OF CONTRACT**

18. Plaintiffs hereby incorporate paragraphs 1 through 20 above, as though fully set forth herein.

19. Count one is based on the breach by Primus of the Lower My Bills partner contract with Plaintiffs.

20. In the Summer of 2001, Jerry Fischer negotiated a contractual arrangement between with Lower My Bills whereby Primus became a preferred provider of telecommunication services for the customers obtained and referred by Lower My Bills.

21. The Lower My Bills arrangement with Primus involved Fishnet entering into a written agreement with Lower My Bills on July 20, 2001, which is attached hereto as Exhibit A. Under the agreement (the "Fishnet-Lower My Bills Agreement"), Fishnet formed a partnership for the benefit of Primus and, as a result, Primus on behalf of Fishnet agreed to pay Lower My Bills a commission on the customers obtained by Primus from Lower My Bills (hereinafter "Lower My Bills customers"). Primus signed the Fishnet-Lower My Bills Agreement on behalf of Fishnet, with Jerry Fischer's consent.

22. For all of his activities involved in the creation of this partnership beneficial to Primus and for Fishnet's execution of the Fishnet-Lower My Bills Agreement, Primus agreed to pay Plaintiffs commissions on the Lower My Bills customers. Further, Primus agreed with Jerry Fischer that he would act as the "representative" for all Lower My Bills customers obtained by Primus.

23. As a part of the Lower My Bills partner contract and the Fishnet-Lower My Bills Agreement, Primus agreed in July, 2001, that the commission rate to be paid to Plaintiffs for all Lower My Bills customers was to be 3% and a notation to that effect was made by Primus on the Fishnet-Lower My Bills Agreement. The 3% commission was calculated on the revenues generated by Lower My Bills customers.

24. It was and remains the practice of Primus to create an incentive for its customers to refer new business to it. When an existing Primus customer (hereinafter "referring customer") refers a new customer (hereinafter "referred customer") to Primus, then the referring customer obtains a reduction in the rate charged for his or her telecommunication services. The compensation arrangements between Primus and its representatives, such as Jerry Fischer, was to pay the representative of the referring customer a commission on the telecommunication charges collected from the referred customer.

25. As a further part of the compensation arrangements between Primus and its representatives, the representative is provided with email addresses of the customers to solicit them for new business promotions of Primus, and the name and telephone number of the representative appeared on the billings sent the customers to whom the representative was assigned. This representative contact information was useful in that the referring customer would contact the representative when sending in referred customers. The representative obtaining the referred customers would then be assigned as the representative to the new referred customer, thus expanding the base of customers and increasing the referral business and commissions to that representative.

26. Pursuant to the Lower My Bills partner contract, Primus also agreed to pay Jerry Fischer commission payments on the referral customers generated by the Lower My Bills

customers at the customary rate then being paid to Jerry Fischer for such referral business which was approximately 5%.

27. In the Fall of 2001, Primus cancelled its relationship with Lower My Bills. As a part of this action, Primus ceased advertising on the Lower My Bills website and stopped receiving orders directly from Lower My Bills. Primus still retained all existing Lower My Bills customers and all Lower My Bills referral customers, and continued to pay Plaintiffs commissions on these customers.

28. At the time of cancellation of the relationship with Lower My Bills, Primus recognized that the relationship might be renewed in the future. Therefore, Primus and Plaintiffs modified the original Lower My Bills partner contract in December, 2001. In December of 2001, it was agreed that if Primus renewed an active business with Lower My Bills, Plaintiffs' commission on the new Lower My Bills customers obtained from and after the time of this renewed relationship would be at the rate of 2%.

29. In February, 2002, Primus renewed the relationship with Lower My Bills. As a result of the Lower My Bills partner contract as modified in December of 2001, Primus began paying commissions to Plaintiffs on the new Lower My Bills customers at the 2% rate.

30. In February, 2002, Primus, with the agreement of Jerry Fischer, put in place a commission rate structure of 10% on all referral customer business.

31. As 2002 progressed, the influx of Lower My Bills customers increased significantly. At times known to Primus, but unknown to Jerry Fischer, and on information and belief, Primus began breaching the Lower My Bills partner agreement Fischer by failing to pay Plaintiffs commissions on all referred customers and on other customers obtained through Lower My Bills.

32. On information and belief, at an unknown point in time in 2002, Primus further breached the agreement by the unilateral reassignment of referred customers who should have been represented by Jerry Fischer to differing representatives, thereby depriving Jerry Fischer of the referral customer commissions to which he was entitled under the Lower My Bills partner contract.

33. Upon receiving notice from Primus that it intended to unilaterally reduce commissions under the Lower My Bills partner contract, Plaintiffs objected. Primus has, however, continued in its purposeful breach of the Lower My Bills partner contract to the further injury of Plaintiff.

34. Primus has additionally breached the Lower My Bills partner contract by removing Jerry Fischer's name from the monthly invoices sent by Primus to Lower My Bills customers and to Lower My Bills referral customers, and by denying Jerry Fischer the email addresses of Lower My Bills customers so he could solicit such customers for business promotions of Primus. Such breach by Primus was purposeful and intentional and, further, operated to prevent Jerry Fischer from obtaining additional referral business.

35. Plaintiffs seek damages from Primus for the breach of the Lower My Bills partner agreement in an amount that will reasonably compensate Plaintiffs for the commissions and other losses sustained as a result thereof.

36. The actions of Primus further constitute a tortious breach of the Lower My Bills partner contract for which Primus should be liable for punitive damages.

37. In this action, Plaintiffs also seek a declaration from the Court that Primus is liable to pay all future occurring commissions under the Lower My Bills partner agreement.

**COUNT TWO – TORTIOUS INTERFERENCE WITH A PROSPECTIVE BUSINESS EXPECTANCY AND TORTIOUS INTERFERENCE WITH CONTRACT**

38. Plaintiffs hereby incorporate paragraphs 1 through 40 above, as though fully set forth herein.

39. Count Two is based on the intentional interference by Primus with the prospective business relationship of Jerry Fischer with Primus customers who might become referring customers providing Jerry Fischer with commissions on the business of the new referred customers, and based on the intentional interference by Primus with the Fishnet-Lower My Bills Agreement, which represented Fischer as the agent and representative of Primus and provided for a commission to Plaintiffs from Primus.

40. Fishnet and Lower My Bills became partners under the Fishnet-Lower My Bills Agreement and Primus agreed, among other things, to pay Plaintiffs' commissions and establish Jerry Fischer as the representative and agent of Primus for Lower My Bills.

41. By reason of Plaintiffs' partner company agreement with Primus and the Fishnet-Lower My Bills Agreement, Jerry Fischer could reasonably expect to derive significant referral business and commissions from Primus customers for which he was the representative.

42. On information and belief, throughout 2002, Jerry Fischer’s name appeared on the invoices Primus sent to the Lower My Bills customers, showing Jerry Fischer as the representative of such customers.

43. On information and belief, sometime after 2002, Primus removed Jerry Fischer’s name and the referral telephone number he had developed from the invoices sent by Primus to Lower My Bills customers, which Primus knew would deprive Jerry Fischer of referral business.

44. Jerry Fischer complained about the removal of his name and telephone number on

the invoices sent by Primus to Lower My Bills customers, but on information and belief Primus has ignored Mr. Fischer’s demand that Primus use Mr. Fischer’s name and telephone number on such invoices for the Lower My Bills customers and pay Mr. Fischer commissions on referral business as agreed.

45. Primus had knowledge that Jerry Fischer’s name and the phone number he had developed appearing on the invoices of Lower My Bills customers would likely result in significant referral business to Jerry Fischer.

46. Jerry Fischer’s reasonable expectancy of a relationship with the Lower My Bills customers by virtue of being the partner of Lower My Bills, and by virtue of Jerry Fischer being the representative of Primus, and the pecuniary advantage of Jerry Fischer being the representative of Lower My Bills customers and receiving referral business has been intentionally damaged by Primus.

47. Jerry Fischer seeks damages from Primus for the tortious interference with his business expectancy derived by being designated as Primus’ representative of the Lower My Bills customers and derived from the Fishnet-Lower My Bills Agreement in an amount that will reasonably compensate Jerry Fischer for the loss of the business advantage of being the representative of the Lower My Bills customers.

48. Plaintiffs also seek damages for the intentional interference by Primus with the Fishnet-Lower My Bills Agreement.

49. The actions of Primus constitute a tortious interference with Plaintiffs business expectancy and with the Fishnet-Lower My Bills Agreement, for which Primus should be liable for punitive damages.

**COUNT THREE – FRAUDULENT MISREPRESENTATION AND FRAUDULENT CONCEALMENT**

50. Plaintiffs incorporate paragraphs 1 through 52 above, as though fully set forth herein.

51. On information and belief, over the course of time, and at times known to Primus, Primus has surreptitiously removed customers from assignment to Jerry Fischer and given his customers to other agents of Primus and otherwise failed to pay commissions to Jerry Fischer as had been agreed to between the parties.

52. On information and belief, the actions of Primus were done without advising Jerry Fischer or otherwise providing any notice to Jerry Fischer of the unilateral actions of Primus.

53. By the payments made to Plaintiffs and the monthly statements to Fischer showing the basis on which Plaintiffs were receiving commissions, Primus represented to Plaintiffs that they were was receiving all commission payments and other contractual benefits to which he was entitled under the partnership company contract relating to Lower My Bills, and Primus concealed from Jerry Fischer that Primus was directing Lower My Bills customers to others or treating them as having been generated by persons other than Jerry Fischer.

54. Such representations were materially false.

55. Primus knew that its failure to make full disclosure or to otherwise provide notice to Jerry Fischer would result in Plaintiffs' believing that they were receiving full commission payments and the other benefits under the partner contracts to which they were entitled.

56. The actions of Primus were done with the intent to deceive Plaintiffs.

57. Plaintiffs relied upon the payments and representations by Primus that they were receiving full and complete commissions payments and the other benefits to which they were

entitled under the contract.

58. Plaintiffs were justified in relying upon the payments and representations by Primus.

59. As a result of these payments and representations, Plaintiffs have been harmed and have sustained damage.

60. Primus if further liable for punitive damages as a result of its fraudulent conduct.

**WHEREFORE**, Jerry Fischer and Fishnet, Plaintiffs, pray for judgment against Primus Telecommunications, Inc., Defendant, for the following damages:

1. Actual damages suffered by Plaintiffs as a result of the breach of the Lower My Bills partner contract.

2. Actual damages suffered by Plaintiffs as a result of the tortious interference by Primus with the prospective business with the Lower My Bills customers.

3. Actual damages suffered by Plaintiffs as a result of Primus' interference with the Fishnet-Lower My Bills Agreement.

4. Punitive damages due to the tortious breach of the contractual relationship between Primus and Jerry Fischer.

5. Punitive damages due to the tortious interference with Plaintiffs' prospective business relationship with Lower My Bills customers;

6. Punitive damages due to the tortious interference with the Fishnet-Lower My Bills Agreement, and

7. All costs of suit and such other relief as the court deems just and proper.

Plaintiffs further pray the Court to enter an Order against Primus Telecommunications,

Inc., Defendant, declaring that Primus is responsible to pay to Plaintiffs all future commissions under the Lower My Bills partner contract for all current Lower My Bills customers and Lower My Bills referral customers and, further, declaring that Primus is responsible to pay Plaintiffs all future commissions on all new and future Lower My Bills customers and new and future Lower My Bills referred customers.

Respectfully submitted,

GLENN JOHNSON LI0002622
SHUTTLEOWRTH & INGERSOLL, PLC
P.O. Box 2107
Cedar Rapids, Iowa 52406-2107
Phone: (319) 365-9461
Fax: (319) 365-8443

JAY B. MARCUS (079347562)
MARCUS LAW OFFICES
504 North 4th Street, Suite 105
Fairfield, Iowa 52556
Phone: (515) 472-5945
Fax: (515) 472-5404

ATTORNEYS FOR PLAINTIFF

**DEMAND FOR JURY**

Pursuant to FRCP 38, Plaintiff hereby demands trial by jury on all issues in this case.

GLENN JOHNSON LI0002622
for
SHUTTLEWORTH & INGERSOLL, P.L.C.
P.O. Box 2107
Cedar Rapids, Iowa 52406-2107
Phone: (319) 365-9461
Fax: (319) 365-8443

JAY B. MARCUS 79347562)
MARCUS LAW OFFICES
504 North 4th Street, Suite 105
Fairfield, Iowa 52556
Phone: (515) 472-5945
Fax: (515) 472-5404

ATTORNEYS FOR PLAINTIFF